**Tyrone STAPLES, Appellant**

v.

**Troy WILLIAMSON; U.S. Attorney General.**

No. 07–3146.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 20, 2007.

Filed: Dec. 21, 2007.

Tyrone Staples, Lewisburg, PA, pro se.

Nathanael J. Byerly, Office of United States Attorney, Harrisburg, PA, for Troy Williamson; U.S. Attorney General.

Before: SLOVITER, BARRY and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Tyrone Staples appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. The procedural history of this case and the details of Staples's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Staples was sentenced by the United States District Court for the Eastern District of Pennsylvania to fifty-seven months in prison based on his conviction for possession of a firearm by a felon. In his § 2241 petition, Staples argued that he was entitled to credit on his federal sentence for time served before trial. The District Court denied the petition, and Staples filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). Under 18 U.S.C. § 3585(b), a defendant can only receive credit towards a federal sentence for prior custody "that has not been credited against another sentence." Staples does not dispute that the time at issue was credited towards his state sentence. Staples argues that he is entitled to the credit pursuant to this Court's decision in *Ruggiano v. Reish,* 307 F.3d 121 (3d Cir.2002), because the federal sentencing court recommended that he receive credit from the time of his arrest. However, as explained

by the District Court, the rule of *Ruggiano* does not apply to Staples' sentence calculation because Staples had not yet been sentenced on his state charges at the time of his federal sentencing.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's order.